IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD DOUGLAS BONE, ) | No. C 07-3314 MMC (PR) |
| Plaintiff, ) | **ORDER OF DISMISSAL** |
| v. ) | |
| CALIFORNIA DEPARTMENT OF ) CORRECTIONS AND ) REHABILITATION, et al., ) | |
| Defendants. ) | |
| _____ ) | |

    The above-titled action was opened on June 25, 2007, when plaintiff, a California prisoner proceeding pro se, filed a letter complaining that he was being denied emergency dental care at the Correctional Training Facility ("CTF") at Soledad. In the letter, plaintiff stated that on June 7, 2007 he had filed a first-level emergency medical appeal requesting dental care, and that the appeal had been forwarded to the second level of review, where it was still pending. On the same date plaintiff's letter was filed, the Court notified plaintiff in writing that the action was deficient due to plaintiff's failure to submit either a complaint or petition. In said notice, plaintiff was advised that his failure to submit a complaint or petition within thirty days would result in dismissal of the action.

    On July 11, 2007, plaintiff filed a civil rights complaint under 42 U.S.C. § 1983, in which he alleges that he is still awaiting adequate dental care, and that his medical appeal is still in progress. Specifically, plaintiff complains that prison officials at CTF have told him that no option is available to him other than the one of having his painfully abscessed tooth

pulled, and they are refusing to provide him with access to a dentist outside of the prison who can perform a root canal. Plaintiff states that his appeal seeking access to a dentist outside the prison to perform a root canal is still pending at the second level of review. He asks the Court to an issue an order requiring prison officials to provide him with a root canal.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. at § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion requirement requires "proper exhaustion" of all available administrative remedies. Woodford, 126 S. Ct. at 2387.

The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, (2) first formal written appeal on a CDC 602 inmate appeal form, (3) second formal level appeal to the institution head or

2

designee, and (4) third formal level appeal to the Director of the California Department of Corrections and Rehabilitation. See Barry v Ratelle, 985 F. Supp 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). See id. at 1237-38.

Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. See Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003). The court may dismiss a complaint for failure to exhaust where the prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120. Here, plaintiff concedes in his complaint that he has not exhausted his administrative remedies, see Complaint at 2, and no exception to exhaustion is alleged or apparent in the complaint. Section 1997e(a) requires that plaintiff present his claim to each level of administrative review set forth above, including the Director's level of review, before raising the claim in a § 1983 complaint in federal court. As it is clear from the complaint that plaintiff has not pursued all levels of administrative review available to him, and there is no applicable exception to the exhaustion requirement, dismissal without prejudice is appropriate.

Accordingly, the above-titled action is hereby DISMISSED, without prejudice to plaintiff's refiling his claim after all available administrative remedies have been exhausted.

The Clerk shall close the file.[1]

IT IS SO ORDERED.

DATED: January 2, 2008

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

3