IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD DOUGLAS BONE, | No. C 07-3314 MMC (PR) |
| Plaintiff, | **ORDER DENYING MOTION TO REOPEN** |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | **(Docket No. 9)** |
| Defendants. | |

The above-titled action was opened on June 25, 2007, when plaintiff, a California prisoner proceeding pro se, filed a letter complaining that he was being denied emergency dental care at the Correctional Training Facility at Soledad. In the letter, plaintiff stated that on June 7, 2007, he had filed a first-level emergency medical appeal requesting dental care, and that the appeal had been forwarded to the second level of review, where it was still pending. On July 11, 2007, in response to the Court's notice that plaintiff must file either a petition or complaint, plaintiff filed a civil rights complaint under 42 U.S.C. § 1983, in which he alleged he was still awaiting adequate dental care and that his medical appeal was still in progress. He asked the Court to issue an order requiring prison officials to provide him with a root canal.

On January 2, 2008, the Court dismissed the complaint without prejudice because it was clear from the complaint that plaintiff has not pursued all levels of administrative review available to him before filing suit, and there was no applicable exception to the exhaustion

1  requirement.  On January 14, 2008, plaintiff, who currently is incarcerated at the California
2  Men's Colony in San Luis Obispo, California, filed a motion to reopen the action on the
3  ground that his administrative remedies are now exhausted, in that he received a denial of his
4  administrative appeal from the Director's level of review on November 20, 2007.

5  Although plaintiff alleges the exhaustion of his administrative remedies, such
6  allegations do not provide grounds to reopen the action, as exhaustion must be completed
7  *before* a plaintiff files his action.  Specifically, if the plaintiff has not exhausted his
8  administrative remedies before filing suit, the action must be dismissed.  McKinney v. Carey,
9  311 F.3d 1198, 1199 (9th Cir. 2002).  Here, at the time he filed this action, plaintiff had not
10 exhausted his administrative remedies; consequently, the action was properly dismissed and
11 will not be reopened.

12 Accordingly, plaintiff's motion to reopen is hereby DENIED.

13 This order terminates Docket No. 9.

14 IT IS SO ORDERED.

15 DATED: May 6, 2008

_____
MAXINE M. CHESNEY
United States District Judge